IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
WHEELING DIVISION

**JOSHUA P. STEVENS,**

    **Plaintiff,**

v.                                                                     **CIVIL ACTION NO. 5:13-cv-18**
                                                                           **(Judge Stamp)**

**JOHN SHEELEY, Administrator, Eastern Regional Jail,**
**EASTERN REGIONAL JAIL,**
**GOV. EARL RAY TOMBLIN, Governor of the State of West Virginia,**
**WEST VIRGINIA REGIONAL JAIL AUTHORITY.**

    **Defendants.**

## REPORT AND RECOMMENDATION
## 42 U.S.C. § 1983

On February 11, 2013, *po se* Plaintiff, Joshua Stevens, initiated this case by filing a *pro se* civil rights action against the defendants noted above. (Doc. 1). In the complaint, although he attributes the perceived injustices enumerated therein to the Fourteenth Amendment, the Plaintiff appears to allege that the named defendants are violating his Eight Amendment rights against cruel and unusual punishment. (Doc. 1, p. 12). In support of his claim, he points to alleged drain malfunction and mold growth in the prison showers, prison overcrowding, a lack of fire extinguishers and safety ladders, and an unavailability of grievance paperwork. *See id*. The Plaintiff seeks injunctive and monetary relief to remedy these grievances. (Doc. 1, p. 9).

On April 2, 2013, Plaintiff was granted leave to proceed *in forma pauperis* with no requirement to pay an initial partial filing fee. (Doc. 14, p. 2). Therefore, this matter is now before the undersigned for an initial review and Report and Recommendation pursuant to LR PL P 2 and 28 U.S.C. § 1915(e).

1

# I. Standard of Review

The plaintiff is a prisoner seeking relief from a governmental entity or a governmental employee. (Doc. 1. p.1). Therefore, the Court must perform a judicial review of this complaint, and shall dismiss this case if the Court finds it to be frivolous or malicious, if it fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such a judgment. 28 U.S.C. § 1915A(b).

A complaint is frivolous "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see also Johnson v. Silvers*, 742 F.2d 823, 824 (4th Cir. 1984)(holding that a court may not dismiss an *in forma pauperis* claim as frivolous "unless it finds that the plaintiff would not be entitled to relief 'beyond doubt,' and under any arguable construction, both in law and in fact."). However, a complaint filed *in forma pauperis* which fails to state a claim under Fed. R. Civ. P. 12(b)(6) is not automatically frivolous, *see id* at 328*,* as *pro se* allegations are to be construed in a liberal fashion. *See Haines v. Kerner*, 404 U.S. 319, 325 (1972). Courts may dismiss an *in forma pauperis* complaint for frivolity only when the *pro se* plaintiff presents them with "a claim based on an indisputably meritless legal theory," *Denton v. Hernandez*, 504 U.S. 25, 32 (1992), or a "fantastic or delusional" factual scenario. *Neitzke* at 328.

## II. Analysis

42 U.S.C. § 1983 provides as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other persons within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was

unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

Therefore, in order to state a claim under 42 U.S.C. § 1983, the Plaintiff must demonstrate that a person acting under color of state law deprived him of the rights guaranteed by the Constitution or federal laws. *See Rendall-Baker v. Kohn*, 547 U.S. 830, 838 (1982). In the alternative, a plaintiff may state a claim through a showing that a governmental entity deprived him of his rights when the cause of the plaintiff's grievance "may be fairly said to represent official policy." *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 694 (1978).

**1. The Eastern Regional Jail and West Virginia Regional Jail Authority are not proper defendants.**

In Roach v. Burch, 825 F.Supp. 116 (N.D.W.Va. 1993), this Court directly addressed whether the West Virginia Regional Jail Authority and Correctional Facility ("Authority") was a "person" subject to suit under § 1983. After applying generally accepted factors[1] used to determine whether a State agency is "an arm" or "alter ego" of the State and, therefore, the same as the State for purposes of sovereign immunity, this Court concluded that "as the State, the Authority is not a 'person' suable under § 1983." Roach, supra at 118. See also, Will v. Michigan Department of State Police, 491 U.S. 58 (1989)(finding that a State is not a "person" for purposes of § 1983); Woods v. Western Regional Jail, 2011 WL 805793 *S.D.W.Va (Feb. 4, 2011)(finding that the jail is not a person for purposes of § 1983); Cantley v. Western Regional Jail and Correctional Facility Authority, 728 F.Supp.2d 803 (S.D.W.Va 2010)(finding that the West Virginia Regional Jail

---

[1]Those factors were: whether its powers are substantially created by the legislature; whether its governing board's composition is prescribed by the legislature; whether it operates on a statewide basis; whether it is financially dependent on public funds; and whether it is required to deposit funds in the state treasury.

Authority and Correctional Facility is not a "person" for purposes of a claim for money damages under § 1983).Likewise, the Eastern Regional Jail is not a person for purposes of § 1983. *See Preval v. Reno*, 203 F.3d 821 (4th Cir. 2000) ("[T]he Piedmont Regional Jail is not a 'person,' and therefore not amendable to suit under 42 U.S.C. 1983). Additionally, the plaintiff has not identified any facts which would tend to show that the alleged conditions of which he complains are the execution of official organizational policy. *See Monell* at 694. Accordingly, the plaintiff's claims against the Eastern Regional Jail and Regional Jail Authority should be dismissed.

**2. Mr. John Sheeley, Administrator of the Eastern Regional Jail, and Gov. Earl Ray Tomblin, Governor of the State of West Virginia, are not proper defendants.**

In his complaint, the plaintiff makes no allegations that any particular conduct of either of the above-mentioned defendants, Mr. Sheeley or Gov. Tomblin, resulted in a violation of any constitutional right of the plaintiff. The plaintiff instead appears to name Mr. Sheeley and Gov. Tomblin only in their official capacities, as Eastern Regional Jail Administrator and Governor of West Virginia respectively, to answer for the alleged conduct of the Eastern Regional Jail and the State of West Virginia.

Claims against individual officers of an organization in their official capacity "generally represent only another way of pleading an action against an entity of which an officer is an agent." *Kentucky v. Graham*, 473 U.S. 159, 165 (1985)(internal citations omitted). Therefore, suits against state officials in their official capacities should be treated as suits against the state. *Id.* at 166. Because the plaintiff has made no allegations that would support a finding that the complained-of conditions were the result of official policy or custom, either of the Eastern Regional Jail or the State of West Virginia, neither Mr. Sheeley nor Governor Tomblin are proper defendants in a § 1983 action, both should be dismissed as defendants. *See Monell* at 694.

## IV. Recommendation

In consideration of the foregoing, it is the recommendation of the undersigned that the plaintiff's Complaint **DISMISSED with Prejudice** for failure to state a claim upon which relief can be granted.

Within (14) fourteen days after being served with a copy of this Report and Recommendation, the plaintiff may file with the Clerk of the Court written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable Frederick P. Stamp, Jr., United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based on such Recommendation. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984), *cert. denied*, 467 U.S. 1208 (1984).

The Clerk is directed to send a copy of this Opinion/Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as shown on the docket.

DATED: 6-14-2013

DAVID J. JOEL
UNITED STATES MAGISTRATE JUDGE