IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

JOSHUA D. STEVENS,

       Plaintiff,

v.                                 Civil Action No. 5:13CV18
                                            (STAMP)
JOHN J. SHEELEY,
EASTERN REGIONAL JAIL,
EARL RAY TOMBLIN, Governor
and WEST VIRGINIA REGIONAL
JAIL AUTHORITY,

       Defendants.

**MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING REPORT AND
RECOMMENDATION OF MAGISTRATE JUDGE**

I.  Background

The pro se[1] plaintiff, Joshua D. Stevens, commenced this civil

rights action by filing a complaint against the defendants, John J.

Sheeley ("Sheeley"), Eastern Regional Jail ("ERJ"), Governor Earl

Ray Tomblin ("Governor Tomblin"), and West Virginia Regional Jail

Authority ("WVRJA") in this Court pursuant to 42 U.S.C. § 1983.  In

his complaint, the plaintiff bases his claims on the Fourteenth

Amendment.  This Court, however, believes that the plaintiff is

alleging instead that the defendants are violating his Eighth

Amendment rights against cruel and unusual punishment.  In support

of his claims, he alleges drain malfunction and mold growth in the

---

[1]"Pro se" describes a person who represents himself in a court
proceeding without the assistance of a lawyer.  Black's Law
Dictionary 1341 (9th ed. 2009).

prison showers, overcrowding, a lack of fire extinguishers and safety ladders, and an unavailability of grievance paperwork.  As relief, the plaintiff seeks emotional, psychological, and financial damages, in conjunction with punitive damages and any other relief this Court deems necessary and applicable.

In accordance with Local Rule of Prisoner Litigation Procedure 2, this case was referred to United States Magistrate David J. Joel for initial review and report and recommendation.  Magistrate Judge Joel issued a report and recommendation recommending that the plaintiff's complaint be dismissed with prejudice for failure to state a claim upon which relief can be granted.  In support of his recommendation, the magistrate judge states that the plaintiff's complaint is frivolous as none of the named defendants are proper defendants in a § 1983 action.  The magistrate judge advised the parties that, pursuant to 28 U.S.C. § 636(b)(1)(C), any party may file written objections to his proposed findings and recommendations within 14 days after being served a copy of the report and recommendation.  No party filed objections to the report and recommendation.

## II.  Applicable Law

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which objection is timely made.  Because no objections were filed, all findings and recommendations will be

upheld unless they are "clearly erroneous or contrary to law."  28 U.S.C. § 636(b)(1)(A).

### III.  Discussion

Under 28 U.S.C. § 1915(e)(2)(b), a court is required to review complaints filed by prisoners against governmental entities or their officers or employees and dismiss any portion of the complaint found to be frivolous or malicious, failing to state a claim upon which relief can be granted, or seeking monetary relief from a defendant immune from providing such relief.  In determining whether a complaint states a claim upon which relief may be granted, a court should not scrutinize the pleadings "with such technical nicety that a meritorious claim should be defeated . . . ."  Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978). Thus, a pro se complaint should not be summarily dismissed unless "it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Haines v. Kerner, 404 U.S. 519, 521 (1972) (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).  Accordingly, dismissal for frivolity should only be ordered when the legal theories advanced by the complaint are "indisputably meritless."   Neitzke v. Williams, 490 U.S. 319, 327 (1989).

A.   Defendants Eastern Regional Jail and West Virginia
     Regional Jail Authority

As outlined by Magistrate Judge Joel in his report, suits under 42 U.S.C. § 1983 must be brought against a "person."

3

Rendall-Baker v. Kohn, 547 U.S. 830, 838 (1982).  It is established law that governmental entities such as jails and courts are not "persons" under § 1983, and are thus not amenable to suit under the statute.  Roach v. Burch, 825 F. Supp. 116 (N.D. W. Va. 1993) (finding specifically that the WVRJA and Correctional Facility was not a "person" subject to suit under § 1983); see Will v. Mich. Dept. of State Police, 491 U.S. 58 (1989) (finding that a state is not a person for purposes of § 1983).  Accordingly, this Court agrees with the magistrate judge that, as a matter of law, the ERJ and the WVRJA are improper defendants in this action.  As such, the plaintiff failed to state a claim upon which relief can be granted as to both the WVRJA and the ERJ and, therefore, the action must be dismissed as to those defendants.

B.   Defendants John J. Sheeley and Governor Earl Ray Tomblin

        To state a claim under § 1983, the plaintiff must demonstrate a person acting under color of state law deprived him or her of rights guaranteed by the Constitution or by law.  Rendall-Baker v. Kohn, 457 U.S. 830, 838 (1982).  As the magistrate judge stated, the plaintiff makes no allegations that either defendant Sheeley, who is the administrator of the ERJ, or defendant Governor Tomblin engaged in any particular conduct that resulted in a violation of the plaintiff's constitutional rights.  The magistrate judge found that as a result, it seems that the plaintiff names defendants Sheeley and Governor Tomblin only in their official capacities.

There is, however, no respondeat superior liability under § 1983. <u>Baker v. Lyles</u>, 904 F.2d 925, 929 (4th Cir. 1990) ("The doctrine of respondeat superior generally does not apply to § 1983 suits."). Although, if the subordinate acted pursuant to an official policy or custom for which he is responsible, a court may impose supervisory liability. <u>See</u> <u>Fisher v. Washington Metropolitan Area Transit Authority</u>, 690 F.2d 1113 (4th Cir. 1982). This Court, however, agrees with the magistrate judge's finding that the plaintiff did not make any allegations that would support a finding that the complained-of conditions were the result of an official policy or custom. Accordingly, this Court finds that the plaintiff has failed to state a claim against defendants Sheeley and Governor Tomblin. Thus, this Court must dismiss the action as to both of these defendants as well.

IV.  <u>Conclusion</u>

For the reasons set forth above, this Court finds no clear error in the report and recommendation of the magistrate judge, and it is therefore AFFIRMED and ADOPTED in its entirety. It is ORDERED that this case be DISMISSED WITH PREJUDICE. Furthermore, it is ORDERED that this case be STRICKEN from the active docket of this Court.

Finally, this Court finds that the plaintiff was properly advised by the magistrate judge that failure to timely object to the report and recommendation in this action would result in a

5

waiver of appellate rights.  Because the plaintiff has failed to object, he has waived his right to seek appellate review of this matter.  See Wright v. Collins, 766 F.2d 841, 844-45 (4th Cir. 1985).

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to the pro se plaintiff by certified mail. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED:   October 23, 2013


/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE